**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:     maimons@aol.com

Attorney for Plaintiffs
BALUBHAI G. PATEL,
Individually and as Trustee
of the Balubhai G. Patel
Family Living Trust,
ARPIT PATEL, MAYURKUMAR
PATEL, OM HOTELS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALUBHAI G. PATEL, Individually and as Trustee of the Balubhai G. Patel Family Living Trust; ARPIT PATEL; MAYURKUMAR PATEL; OM HOTELS, LLC, | **Case No.:** |
| | **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF; STATE SUPPLEMENTAL CLAIM** |
| Plaintiffs, | **[42 U.S.C. SECTION 1983 – VIOLATION OF CIVIL RIGHTS]** |
| v | |
| CITY OF HENDERSON, a municipal corporation; PAUL BEATON; IAN MASSEY; JAMES DWYER; DOES 1-10 INCLUSIVE, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

1

Plaintiffs BALUBHAI G. PATEL, Individually and as Trustee of the Balubhai G. Patel Family Living Trust, ARPIT PATEL, MAYURKUMAR PATEL, OM HOTELS, LLC ("Plaintiffs" or as individually named "BP." "AP," "MP," "OMLLC") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Section 1983. State supplemental jurisdiction exists under 28 U.S.C. Section 1367.

## PARTIES

1. Plaintiffs are the legal and beneficial owners and operators of real property commonly known as the MOTEL 6 HENDERSON ("MH," or "Property," or "Motel") located at 85 W. Lake Mead Parkway, Henderson, NV 989015.

2. Defendant CITY OF HENDERSON, a municipal corporation, was at all times material herein an incorporated municipality in Clark County, NV, duly formed under the laws of the State of  Nevada.  ("City," or collectively with all other defendants "Defendants").

3.  The Defendants PAUL BEATON, IAN MASSEY, and JAMES DWYER ("PB," "IA," "JD," or collectively with all other defendants "Defendants"), were at all times material herein employees and residents of the City.

4.  The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs is unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

5.  Plaintiffs are successful real estate and hotel and motel developers who have successfully operated the abovementioned property in California and Nevada.

6.  Plaintiff BP is the legal and beneficial owner of MH, and all times material herein, leased MH to Plaintiffs AP, MP, and OMLLC.

7. Plaintiff is, and was at all times material herein, a resident of Los Angeles, CA with his principal place of business the same, and Plaintiffs AP and MP are, and were at all times material herein, residents of Orange County, CA with their principal place of business the same.

8. Plaintiffs AP and MP are, and were at all times material herein, operating MH by way of OMLLC, in which AP is the managing member and MP is a member

9. During the time that Plaintiffs have owned and operated MH, they have done so lawfully and in compliance with all local, state and federal laws.

10. Plaintiff BP purchased MH on December 12, 2018, and Plaintiffs AP, MP, and OMLLC operated and leased MH from such purchase date.

11. On or about October 26, 2021, the Defendants, and each of them, cited the Plaintiffs for a correction notice for alleged structural violations of the stairs at the property, even though such stairs were never modified by the Plaintiffs.

12. At the time of the correction notice that was issued by the Defendants, and each of them, said Defendants on the same day closed all of the second floor of MH, consisting of twenty-five (25) motel units, without Plaintiffs prior consent or an administrative abatement warrant or court order.

13. In taking the actions set forth in paragraphs 11-12 above, the Defendants, and each of them, came onto MH without Plaintiffs prior consent or an administrative search warrant or court order, and inspected and searched the inside locked areas of the motel not open to the public, including but not limited to the 25 units that were summarily closed that day.

14. In taking the actions set forth in paragraphs 11-13 above, the Defendants, and each of them, refused to provide Plaintiffs at any time, including to the present, with a pre-deprivation or post-deprivation hearing regarding the citation and closure of the 25 units that were summarily closed on October 26, 2021.

4

15. Instead, the Defendants, and each of them, continuously and until the present cited Plaintiffs numerous times for alleged municipal code violations at MH and refused to permit the 25 units that were summarily closed on October 26, 2021 to reopen, even though the motel was not in violation of the City's municipal code.

16. On or about October 19, 2023, the Defendants, and each of them, came onto MH without Plaintiffs prior consent or an administrative search or abatement warrant or court order, and inspected and searched the inside locked areas of the motel not open to the public, including but not limited to the 25 units that were summarily closed on October 26, 2021, and summarily closed the entire motel consisting of 58 units.

17. In taking the actions set forth in paragraph 16 above, the Defendants, and each of them, refused to provide Plaintiffs at any time, including to the present, with a pre-deprivation or post-deprivation hearing regarding the citation and closure of the entire motel, including the 58 units that were summarily closed on October 10, 2023.

18. On October 12, 2023, the Defendants, and each of them, demanded that that Plaintiffs AP, MP, and OMLLC deposit with the City the amount of $63,813.40 for future transient occupancy taxes ("TOT"), which said Plaintiffs did on the same day by way of a cashiers check for such amount that was transmitted to the City.

19. On April 24, 2024, EDWARD DICHTER ("ED"), Assistant Director of the City's Community Development and Services Department e-mailed Plaintiff AP that the motel ceased operations on the closure date set forth in paragraph 17 above, and the motel use was considered a legal non-conforming use since it did not comply with current code requirements; and if a non-conforming use cease operation for any reason of more than 180 days or other period of time s specified by the City Council as part of a closure plan, the use is considered abandoned, and once abandoned, the use loses its legal non-conforming status which cannot be renewed or reestablished.

20. ED also stated in his e-mail to Plaintiff AP that April 15, 2024 was 180 days from the closure date and as the motel did not reopen, as of April 16, 2024 the motel use is considered abandoned and the motel has lost its legal non-conforming status.

21. ED also stated in his e-mail to Plaintiff AP that any use of the property must comply with current Downtown Masterplan standards, and that current building permits that have been submitted and reviewed a few times will not meet the current Downtown Masterplan standards.

22. The actions taken by the Defendant City and the Defendants, and each of them, as set forth in paragraphs 11-21 above, were taken pursuant to a policy, custom, or practice, to close the motel, and other properties nearby, in order to transfer such properties at a reduced and depressed value to a private developer.

23. The actions taken by the Defendant City and the Defendants, and each of them, as set forth in paragraphs 11-21 above, were done by communicating continuously and mailing multiple citations to Plaintiff BP at his Los Angeles, CA home address and e-mailing and communicating by mail and phone on multiple and continuous times with Plaintiffs AP, MP, and OMLLC to their office in Orange County, CA

23. As a result of the actions taken by the Defendant City and the Defendants, and each of them, as set forth in paragraphs 11-22 above, the Plaintiffs, and each of them, have suffered, and continue to suffer great economic and non-economic harm.

Based on the above facts, Plaintiffs allege the following claims.

## **FIRST CLAIM OF RELIEF**

**(Violation of 42 U.S.C. Section 1983 by Plaintiffs
Against All Defendants)**

24. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-23 above.

25. Plaintiffs allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations,

customs and usages of the City of Henderson and the State of Nevada for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

26.    Plaintiffs further allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause, and, but not limited to, the Notice and Ordinance on its face and as applied to Plaintiff is "void for vagueness" under the Fourteenth Amendment's Due Process Clause; the Privileges and Immunities Clause of Article IV, Section 2 and the Fourteenth Amendment of the United States Constitution, as it substantially interferes with Plaintiffs' commercial activity with renting to out of transient guests, and the Contract Clause of Article I, Section 10, Clause 1, of the United States Constitution, and the Commerce Clause of the United States Constitution.

27.    Plaintiffs further allege that in doing all of the things herein mentioned, the City, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, as described in paragraphs 1-23 set forth herein, pursuant to the City's

official policy, custom or practice.

28.   Defendants are not entitled to any immunity, qualified or otherwise, and the individual City officials employed by the City whose identity are unknown now, are not entitled to qualified immunity.

29.   As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each Defendant, and are also entitled to appropriate declaratory and injunctive relief.  Plaintiffs are also entitled to his reasonable attorney's fees under 42 U.S.C. Section 1988.

WHEREFORE, Plaintiffs prays judgment against the Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1.   For damages according to proof at trial but believed to be not less than $10,000,000.00;

2.   For appropriate declaratory and injunctive relief;

3.   For attorney's fees;

### FOR ALL CLAIMS FOR RELIEF

4.   For costs of suit;

5.  For such other and further relief as the Court deems proper.

Dated: July 2, 2024    LAW OFFICES OF FRANK A. WEISER

         By: /s/ Frank A. Weiser
         _____
         FRANK A. WEISER, Attorney for
         for Plaintiffs BALUBHAI G. PATEL,
         Individually and as Trustee
         of the Balubhai G. Patel
         Family Living Trust, ARPIT
         PATEL, MAYURKUMAR
         PATEL, OM HOTELS, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: July 2, 2024    LAW OFFICES OF FRANK A. WEISER

         •  By: /s/ Frank A. Weiser
         _____
         FRANK A. WEISER, Attorney for
         for Plaintiffs BALUBHAI G. PATEL,
         Individually and as Trustee
         of the Balubhai G. Patel
         Family Living Trust, ARPIT
         PATEL, MAYURKUMAR
         PATEL, OM HOTELS, LLC